J-S03011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN VICTOR PARROTTE | : | |
| | : | |
| Appellant | : | No. 1075 WDA 2023 |

Appeal from the PCRA Order Entered August 15, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005036-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN PARROTTE | : | |
| | : | |
| Appellant | : | No. 1076 WDA 2023 |

Appeal from the PCRA Order Entered August 15, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005037-2017

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED: APRIL 14, 2025**

Justin Parrotte appeals *pro se* from the order denying his first petition filed pursuant to the Post-Conviction Relief Act (PCRA).  42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history are as follows:  Following a bench trial on February 18, 2020, the court found Parrotte guilty of first-

degree murder and related charges. On March 21, 2021, the trial court imposed a sentence of life imprisonment on the murder conviction, followed by an aggregate sentence of five to ten years of imprisonment on the remaining convictions. Parrotte filed a post-sentence motion, which the trial court denied. Parrotte appealed. On July 28, 2022, this Court affirmed his judgment of sentence. *Commonwealth v. Parrotte*, 283 A.3d 405 (Pa. Super. 2022).

On November 28, 2022, Parrotte filed a *pro se* PCRA petition, and the PCRA court appointed counsel. Thereafter, PCRA counsel filed a motion to compel discovery, which was granted, and the deadline for submitting an amended PCRA was stayed. On June 30, 2023, PCRA counsel filed a motion to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On July 13, 2023, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss Parrotte's PCRA petition without a hearing because it was meritless. Parrotte filed a response. By order entered August 15, 2023, the PCRA court dismissed Parrotte's petition.[1] Parrotte filed a timely appeal at each docket, which we consolidated *sua sponte.*

---

[1] In its Rule 907 Notice, the PCRA court stated that it intended to grant PCRA counsel's motion to withdraw, and although the final order did not mention the motion, Parrotte was instructed that he could file an appeal either *pro se* or through privately retained counsel. On October 30, 2023, we remanded the appeal for the PCRA court to determine Parrotte's representation status
*(Footnote Continued Next Page)*

Parrotte raises the following claims on appeal:

Did the PCRA court [err or abuse its discretion], and deny [Parrotte] his constitutional rights of due process under the state and federal constitutions by dismissing his PCRA petition, for the enumerated reasons:

(1) By wholesome [sic] adoption of [PCRA] counsel's no-merit letter under [**Turner**/**Finley**] and motion to withdraw without making an independent determination or review and rendering a separate opinion of record;

(2) Did the [PCRA court] abuse [its] discretion and commit an [error] of law and violate due process owed to [Parrotte] when [it] issued an inadequate/insufficient 907 Notice of Intent to Dismiss;

(3) Was Pa.R.Crim.P. 905 violated by [the] PCRA Court's failure to [render] an inadequate order pursuant to Pa.R.Crim.P. 907. When [the court] failed to specify and point out defects in [Parrotte's] PCRA petition, so that he may provide an adequate response and "cure" defects in [the] original petition by way of [an] [a]mended petition; and

(4) Was [Parrotte] denied his constitutional rights as a pro se prisoner, in the denial of adequate access to the courts at his institution, where he did not have access to necessary tools to challenge-litigate issues and claims on this PCRA appeal?

Parrotte's Brief at vii.

Before reaching these claims, we must first determine whether they are properly before us. On November 29, 2023, the PCRA court filed its Rule

_____

because there was no indication on the trial docket that PCRA counsel's motion to withdraw was granted. By order entered November 6, 2023, the PCRA court granted counsel's motion, and the order was forwarded to Superior Court. Thus, Parrotte has elected to proceed *pro se* in this appeal.

- 3 -

1925(a) opinion in which it addressed the issues Parrotte raised in his timely filed Rule 1925(b) statement. Citing that statement, the court identified these issues as "seven instances of trial counsel rendering ineffective assistance," and that "PCRA counsel rendered ineffective assistance by filing a "no merit" letter. PCRA Court Opinion, 11/29/23, at 2. Additionally, Parrotte claimed that the PCRA court erred in denying his petition without a hearing.

As is readily discernable, none of the issues Parrotte raises on appeal involve ineffectiveness of trial or PCRA counsel, or the failure to provide him an evidentiary hearing. Instead, he attempts to raise claims that the PCRA court denied him due process. Because none of those claims were raised in his 1925(b) statement, they are waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (providing issues not raised in a Rule 1925(b) statement are waived); *Commonwealth v. Allshouse*, 969 A.2d 1236, 1239-40 (Pa. Super. 2009). We therefore affirm the PCRA court's order denying Parrotte post-conviction relief.[2]

Order affirmed.

_____

[2] In his reply brief, Parrotte seeks to amend his petition to assert information that was "not known to [him] until now." Parrotte may raise any such claim in a subsequent PCRA petition if he can establish a time-bar exception.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/14/2025